IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SHAWN O'HARA,  )
       Plaintiff,  )
  )
vs.  )  Civil Action No. 12-818
  )  Magistrate Judge Cynthia Reed Eddy
COUNTY OF ALLEGHENY,  )
       Defendant.  )

**<u>MEMORANDUM OPINION</u>**

**I.    INTRODUCTION**

Currently pending before the Court is Defendant's Motion to Dismiss [ECF No. 8] Plaintiff's Amended Complaint and Plaintiff's Motion for Leave to file a Second Amended Complaint [ECF No. 15]. For the following reasons, Defendant's Motion to Dismiss is granted as stated below and Plaintiff's Motion to Amend is denied.

**II.    BACKGROUND**

Plaintiff, Shawn O'Hara alleges that on or about September 26, 2011, he was to "appear in the Court of Common Pleas of Allegheny County for a probation hearing relating to restitution owed in a 1999 offense for receiving stolen property."[1] Am. Compl. [ECF No. 7] at ¶2. Plaintiff failed to appear for this hearing, and a warrant was issued for his arrest. *Id*. at ¶3. On or about September 27, 2011, Plaintiff was arrested and incarcerated at the Allegheny County Jail ("ACJ"). *Id*. at ¶4. Plaintiff alleges that he was "not given a hearing on the warrant or for a probation violation in a reasonable amount of time." *Id*. at ¶7. On or about March 12, 2012,

---

[1] Although Plaintiff's Amended Complaint states that his probation violation hearing was scheduled for September 27, 2011, it seems that this date is inaccurate because Plaintiff later states in his Brief in Support of his Motion to Amend his Complaint [ECF No. 15] that he was mistaken on what day the hearing was to take place, and appeared in Court the day after the hearing was scheduled and was immediately taken into custody on September 27, 2011.

1

Plaintiff was "administratively released" from ACJ, over five months after he was initially incarcerated. *Id*. at ¶8. Plaintiff alleges that "Defendant intentionally did not schedule a hearing for his bench warrant or probation violation in the time allowed under State and County Rules of Civil Procedure in Allegheny County, Pennsylvania and/or forgot Plaintiff was incarcerated in the Allegheny County Jail until it realized its error on March 12, 2012" and released him. *Id*. at ¶9.

Plaintiff filed the instant action against Allegheny County on June 15, 2012, and later amended his Complaint on September 11, 2012. The Amended Complaint includes a claim under 42 U.S.C. §1983 for violation of Plaintiff's Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, false imprisonment under the Fourth and Fourteenth Amendments to the United States Constitution, a state law claim of negligence and a state law claim for false imprisonment. *Id*. at ¶¶12-35. On October 16, 2012, Defendant moved to dismiss Plaintiff's claims for two reasons: (1) Plaintiff did not sufficiently allege a cause of action under section 1983 because he did not "allege how an Allegheny County policy or custom violates a constitutional right held by Plaintiff[;]" and (2) Allegheny County is entitled to immunity for the state law claims under the Political Subdivision Tort Claims Act. Br. in Supp. of Mot. to Dismiss [ECF No. 9] at 5.

In response to Defendant's Motion to Dismiss, Plaintiff filed a Second Amended Complaint [ECF No. 12] on October 29, 2012 without the required leave of court, and this Court granted Allegheny County's Motion to Strike [ECF No. 13] the Second Amended Complaint on November 2, 2012. In the Order striking the Second Amended Complaint, the Court instructed Plaintiff to file "a Motion Requesting Leave of Court to file a Second Amended Complaint addressing the issues of necessity, the defect he intends to cure and futility, and attach the

proposed Second Amended Complaint thereto. In the alternative, plaintiff [could] file a response to the pending Motion to Dismiss." Text Order of Nov. 2, 2012.

Plaintiff filed a Motion to Amend his Complaint on November 9, 2012, seeking to yet again amend his Amended Complaint to include a "Gross Negligence" claim and to allege that Defendant engaged in a policy or custom that violated Plaintiff's constitutional rights. Mot. to Amend Compl. [ECF No. 15] at ¶¶6, 14. Plaintiff argues that amendment will not be futile because "[a] municipality is allowed to be sued under [section] 1983, they are [sic] not immune from such a suit or for false imprisonment, and discovery will show what policies and customs Defendant had in relation to the alleged facts in the Complaint." *Id*. at ¶15. In support of these contentions, Plaintiff points to the United States Supreme Court case, *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit, et al*., 507 U.S. 163 (1993), for the proposal that Plaintiff is not subject to a heightened pleading standard and need not "specifically name the specific policies and/or customs involved, or . . . that a Plaintiff state with factual detail and with particularity the basis for the claim, including why a municipality cannot maintain an immunity defense." Mot. to Amend Compl. [ECF No. 15] at ¶9.

### III. JURISDICTION

Although Plaintiff fails to allege whether jurisdiction is proper, this Court has jurisdiction pursuant to federal question jurisdiction, 28 U.S.C. §1331, as Plaintiff advances claims under 42 U.S.C. §1983, the Fourth, Fifth, Eighth and Fourteenth Amendments of the United States Constitution. *See Jiminez v. All Am. Rathskeller, Inc*., 503 F.3d 247 (3d Cir. 2007). The Court also has supplemental jurisdiction under 28 U.S.C. §1367. Moreover, this Court has the authority to decide dispositive motions, and to eventually enter final judgment as all parties have

consented to proceed before a United States Magistrate Judge.[2]

IV. STANDARD OF REVIEW

To determine whether dismissal is proper under Federal Rule of Civil Procedure 12(b)(6) a complaint must include factual allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 697 (2009). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint and in making this determination, a court must read the complaint in the light most favorable to the plaintiff and all factual allegations must be taken for their veracity. *Estelle v. Gamble*, 429 U.S. 97, 99 (1976). The court is to draw all reasonable inferences from all "well-pleaded" allegations contained in the complaint. *Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). In determining whether a plaintiff has met this standard, the reviewing court ignores legal conclusions unsupported by factual allegations, "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements[,]" . . . "labels and conclusions[,]" and "naked assertions [that are] devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 677 (citations omitted). The Court of Appeals for the Third Circuit has imposed a two part inquiry for district courts determining whether a complaint should survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6):

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded

---

[2] Under the Federal Magistrate Judges Act ["Act"], a Magistrate Judge's jurisdiction may arise through the consent of the parties. 28 U.S.C. § 636(c). Under the Act, "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case, when specially designated to exercise such jurisdiction by the district court." 28 U.S.C. § 636(c)(1). Such a referral gives the magistrate judge full "authority over dispositive motions, conduct of trial, and entry of final judgment, all without district court review." *Roell v. Withrow*, 538 U.S. 580, 585 (2003); *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d 530, 535 (M.D.Pa. 2007). "[S]o long as consent [to Magistrate Judge jurisdiction] is clear and unambiguous, it is effective." *In re Search of Scranton Hous. Auth.*, 487 F.Supp.2d at 535; *Roell*, 538 U.S. at 591 (consent may be inferred from parties' actions). Both parties have consented to Magistrate Judge jurisdiction. *See* Pl.'s Consent to Magistrate Judge Jurisdiction [ECF No. 11]; Def.'s Consent to Magistrate Judge Jurisdiction [ECF No. 10].

> facts as true, but may disregard any legal conclusions. . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show the plaintiff has a "plausible claim for relief." . . . In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citations omitted).

As a preliminary matter, Plaintiff appears to be unacquainted with *Twombly* or *Iqbal* and the effect the landmark cases have on the *Leatherman* decision and on pleading municipal liability under section 1983 in general. *See Washington v. City of Philadelphia*, 2012 WL 85480, at *4-*5 (E.D.Pa. Jan. 11, 2012); *Cabrera v. Baird*, 2012 WL 6055597, at *3 (M.D.Pa. Oct. 1, 2012). Reading the *Leatherman* decision in context with the *Twombly/Iqbal* decisions, the Middle District of Pennsylvania has asserted:

> [A]lthough there is not a heightened pleading standard in civil rights cases, a civil rights complaint, in order to comply with [Federal] Rule [of Civil Procedure] 8, must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous, and so that a defendant has adequate notice to frame an answer. A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and place of the conduct, and the identity of the responsible officials. Also, a civil rights pleading must include factual allegations to support the constitutional claims raised in the complaint.

*Cabrera*, 2012 WL 6055597, at *3 (citations omitted).

In *Leatherman*, the United States Supreme Court held that it was improper to apply heightened pleadings standard to section 1983 actions. The Court stated that a section 1983 complaint need only comply "with the liberal system of 'notice pleading' set up by the Federal Rules." *Leatherman*, 507 U.S. at 167. Although the *Leatherman* decision

> makes plain that [section] 1983 claims are not subject to a heightened pleading standard, *Iqbal's* unambiguous extension of

5

> *Twombly* to "all civil actions" leaves the ordinary notice pleading requirement intact for those claims. Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss" pursuant to Rule 12(b)(6), leading a reviewing court to engage in a "context-specific" inquiry that "requires [it] to draw on its judicial experience and common sense."

*Washington*, 2012 WL 85480, at *4 (quoting *Iqbal*, 556 U.S. at 679).

## V. ANALYSIS

### a. Municipal Liability under section 1983

Under the pleading standard set forth by the Supreme Court in *Twombly* and *Iqbal*, Plaintiff has failed to plead sufficient factual matter to give rise to a plausible claim for relief against Allegheny County. Plaintiff has not alleged that the injuries he suffered were the result of a municipal "government's policy or custom" to implicate liability under section 1983. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694 (1978). Likewise, as Defendant asserts in its Response to Plaintiff's Motion to Amend, the Court is not convinced that Plaintiff has "adequately address[ed] the issues of necessity, defects he intends to cure, and futility."

Plaintiff has not adequately alleged any other elements necessary to implicate municipal liability. To recover from a local municipality under section 1983, a plaintiff must:

> (1) Identify an allegedly unconstitutional policy or custom; (2) demonstrate that the municipality, through its deliberate and culpable conduct, was the "moving force" behind the injury alleged; and (3) demonstrate a direct causal link between the municipal action and the alleged deprivation of federal rights.

*Trice v. City of Harrington Police Dept.*, 2012 WL 70838 (D.Del. 2012) (citing *Board of County Comm'rs v. Brown*, 520 U.S. 397, 400 (1997)). A municipal entity "can only be liable when the alleged constitutional transgression implements or executes a policy, regulation, or decision officially adopted by the governing body or informally adopted by custom." *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009) (quoting *Beck v. City of Pittsburgh*, 89 F.3d 966, 971 (3d

Cir. 1996)). "That is, generally a custom must be shown to be a pattern; more than a 'single incident will be necessary to establish a causal connection between the incident and some municipal policy." *Schmidt v. Freeland*, 2012 WL 911840, at * 2 (M.D.Pa. March 16, 2012) (quoting *Brown v. City of Pittsburgh*, 586 F.3d 263, 293 (3d Cir. 2009)). Mere allegations that a municipality had a custom of ignoring constitutional rights are insufficient to bring a *Monell* claim. *See McTernan*, 564 F.3d at 657; *Lapella v. City of Atlantic City*, 2012 WL 2952411, at *6 (D.N.J. July 18, 2012); *Pondexter v. Allegheny Cnty.*, 2012 WL 628494, at *6 (W.D.Pa. Feb. 27, 2012) ("Plaintiff has also not set forth any evidence of incidents that have occurred in the past to prove some pattern of conduct that could establish a discriminatory custom or policy of Allegheny County directed at him."). Simply stated, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributable to a municipal policymaker." *City of Oklahoma v. Turtle*, 471 U.S. 808, 823-24 (1985).

The Amended Complaint fails to allege how any Allegheny County policy or custom violates a constitutional right held by Plaintiff. Plaintiff contends that amending his Complaint to include the phraseology that Allegheny County's policy or custom violated Plaintiff's constitutional rights, unadorned with supporting facts, cures any defect under Federal Rule of Civil Procedure 12(b)(6). This Court finds that it does not. The sole allegation of Allegheny County's conduct is that it did not provide Plaintiff with a hearing after it detained him due to the issuance of a bench warrant for his arrest. Most importantly, Plaintiff does not state how this solitary incident establishes a custom, policy or practice of Allegheny County that violates his constitutional right, nor does he convince the Court that amending his already Amended

Complaint would not prove futile. Therefore, Plaintiff's claims against Allegheny County are dismissed with prejudice.

      b. <u>Pendent State Law Claims</u>

A district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1376(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009). The Court of Appeals for the Third Circuit has stated that where all federal claims are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000). Presently, the remaining state law claims are for false imprisonment and negligence. This Court declines to exercise its supplemental jurisdiction as these claims invoke inherent state law interests and there are no extraordinary circumstances to justify exercising supplemental jurisdiction. Accordingly, the state law claims are dismissed without prejudice.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Amended Complaint [ECF No. 8] is granted as follows. Plaintiff's Amended Complaint is dismissed with prejudice as to Counts I under 42 U.S.C. § 1983 and II under the Fourth and Fourteenth Amendments of the United States Constitution, and is dismissed without prejudice as to Counts III and IV for negligence and false imprisonment. Further, Plaintiff's Motion to Amend [ECF No. 15] is denied. An appropriate Order follows.

Dated: February 8, 2013

s/ Cynthia Reed Eddy  
The Honorable Cynthia Reed Eddy  
United States Magistrate Judge

cc: All counsel of record via CM/ECF